IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-00275-01-CR-W-NKL |
| ) | |
| DANIEL WILLIAM TEAL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Daniel William Teal's ("Teal") Appeal of Magistrate's Order of Detention [Doc. # 17]. Having conducted an independent review of the record and considered Teal's objections, the Appeal of Magistrate's Detention Order is denied.

**I.  Background**

On August 7, 2007, Teal was indicted for conspiracy to distribute 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Teal was also charged with possession of two firearms in connection with the conspiracy. The United States argues that Teal should not be released on bail based on the violent nature of the charge, the strength of the evidence against Teal, his history of drug and alcohol abuse and ensuing violent behavior. (Det. Tr., 5-15). Teal argues that he should be released because his ex-wife has expressed willingness to co-sign a bond pending Teal's trial (Det. Tr., 9), and Teal maintains contact with his mother, brother and sister in Joplin,

1

Missouri. Teal further argues that his cooperation with law enforcement and surrender of his handguns prior to arrest should "burst the bubble" of the presumption against his release on bond. (Def. Mot., 3).

On August 22, 2007, United States Magistrate Judge Robert E. Larsen entered an Order detaining Teal pursuant to 18 U.S.C. § 3142(e) after conducting a detention hearing pursuant to 18 U.S.C. § 3142(f).

**II.     Discussion**

The District Court reviews a magistrate judge's detention order *de novo*. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). The purpose of a detention hearing under the Bail Reform Act is to determine if a court can impose conditions which would "reasonably assure" the defendant's appearance at all scheduled hearings and "the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The statutory scheme established by 18 U.S.C. § 1342 favors release over pretrial detention. *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). However, if there is probable cause that a defendant has committed an offense for which the maximum sentence is ten years or more, then there is a presumption that no condition will reasonably protect the community and assure that the defendant will appear for trial. Teal faces a sentence of ten years or more and is, therefore, subject to the presumption against release. If a defendant comes forward with evidence to rebut the presumption against release, the "bubble" does not "burst," but rather the Court must weigh the evidence understanding that the Bail Reform Act favors pre-trial release. *See United States v. Jessup*, 757 F.2d 378, 383 (1st Cir.

2

Case 4:07-cr-00275-DGK   Document 23   Filed 09/24/07   Page 2 of 4

1985).

When determining whether there are conditions of release that will reasonably assure the safety of the community, the Court may consider the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . 18 U.S.C. § 3142(g).

Teal is charged with the use of a firearm during commission of a drug-trafficking conspiracy and the United States has proven that Teal has a history of drug abuse and physical abuse of others, especially his ex-wife. (Det. Tr., 13). Teal has been abusing drugs for over thirty years. (Order of Detention ¶ 6). Teal has been convicted of assault as well as violating an order of protection. *Id.* at ¶ 7. Teal's cooperation with law enforcement and local ties do not overcome the presumption against release. *See United States v. Bailey*, 750 F. Supp. 413, 417 (W.D. Mo. 1990).

Accordingly, Teal's Appeal of Magistrate's Detention Order [Doc. #17] is

DENIED.

                                                          s/ Nanette K. Laughrey  
                                                          NANETTE K. LAUGHREY  
                                                          United States District Judge

Dated: September 24, 2007  
Kansas City, Missouri

4