IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00275-01-CR-W-NKL |
| | ) | |
| DANIEL WILLIAM TEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Daniel Teal, by and through his counsel Daniel S. Hobart, and hereby submits this Sentencing Memorandum to the court in support of the Court's determination of an appropriate and fair sentence for him.

**INTRODUCTION**

On August 17, 2007, Daniel William Teal ("Teal") was arrested by local law enforcement officers upon a grand jury indictment which charges Daniel Teal with committing conspiracy to distribute 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, for which the range of punishment is 10 years to life imprisonment. Defendant is also charged with possession of two firearms during the course of committing the conspiracy to distribute a controlled substance, in violation of 18 U.S.C. §924(c)(1)(A), for which the punishment is not less than 5 years in prison, to be served consecutively to the conspiracy charge.

On March 13, 2008, Defendant Daniel Teal entered pleas of guilty on all counts, without a plea agreement.

**BACKGROUND**

On February 21, 2007, the defendant, Daniel Teal was arrested by law enforcement officers in Henry County, Missouri for possession of methamphetamine. The arresting officers seized

approximately 2 ounces of methamphetamine and $4,339.00 in U.S. currency.

On February 22, 2007, Daniel Teal agreed to meet with law enforcement officers and give a statement about his involvement in the criminal activities alleged.

Present at the interview, which was video recorded and provided to defendant, were West Central Drug Task Force Officer L.T. Hilty, Missouri State Highway Patrol Sergeant J.L. Wingo, and Federal Bureau of Investigation Special Agent Pickel *(Defendant's Sentencing Exhibit 1)*.

During the interview, Daniel Teal was forthcoming that he had been buying and selling methamphetamine for a certain period of time. Upon what Teal believed to be a promise of leniency, Teal also revealed the names of numerous persons that were involved in similar criminal activity, including the supplier of the methamphetamine in his possession.

After his interview with law enforcement, Daniel Teal was released from custody. One or two days later, he voluntarily surrendered an additional amount of U.S. currency, $5,500, to law enforcement, as the funds were proceeds from illegal activity.

On February 23 or February 24, 2007, Daniel Teal surrendered two (2) handguns that were owned by him, but not in his possession, to law enforcement. Daniel Teal did this based on what he believed to be the explicit promise that no gun charges would be filed against him.

Also on or about February 23 or February 24, 2007, law enforcement used Daniel Teal's cellular phone, with his consent and cooperation, to set up and complete a hand to hand drug sale with a third party, which defendant believes resulted in an arrest, based upon his observations and statements by law enforcement. Defendant believes the person arrested was a female named Tracy Brown.

According to Missouri Casenet (www.courts.mo.gov/casenet), a petition for forfeiture was filed by the Henry County Prosecuting Attorney on March 5, 2007, for federal forfeiture of some or all of the

currency seized by law enforcement officers. *(Defendant's Sentencing Exhibit 2)*. Teal's property was forfeited to the federal court by order of the state court on March 13, 2007. *(Defendant's Sentencing Exhibit 3)*.

On June 12, 2007, Teal and L.T. Hilty met by chance at a gas station in Henry County, shortly thereafter, and Teal informed Hilty that he couldn't work for them and could no longer cooperate because they put his name on casenet, effectively revealing to everyone that he had been busted.

## ARGUMENT

"Because the Guidelines are now advisory, appellate review of sentencing decisions is limited to determining whether they are "reasonable," *United States v. Booker*, 543 U . S. 220 , and an abuse-of discretion standard applies to appellate review of sentencing decisions. A district judge must consider the extent of any departure from the Guidelines and must explain the appropriateness of an unusually lenient or harsh sentence with sufficient justifications. An appellate court may take the degree of variance into account and consider the extent of a deviation from the Guidelines, but it may not require "extraordinary" circumstances or employ a rigid mathematical formula. . ." *Gall v. United States, 128 S. Ct. 586-87 (2007)*.

18 U.S.C. §3553, provides as follows, in relevant part:

(a) Factors to Be Considered in Imposing a Sentence - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

    (1) the nature and circumstances of the offense and the history and characteristics of the

        defendant;

    (2) the need for the sentence imposed

>>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for
>
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

In this case, Daniel Teal completely and honestly cooperated with law enforcement officers, providing them detailed information that significantly enhanced his guideline range, the amount of drugs that he possessed and distributed, he admitted to the use of guns during distribution and voluntarily surrendered those weapons based upon what he believed to be the promise of cooperation and leniency, and he even provided his cellular phone and information that led to the arrest of a third party (upon information and belief). Under normal circumstances, in the District Court for the Western District of Missouri, and law enforcement officers that routinely handle cases that are prosecuted by the United States Attorney for the Western District of Missouri, Daniel Teal might qualify for a reduction of his sentence by as much as 50% or more.

However, Teal faces a more daunting reality, that Sergeant Wingo, Officer Lee Hilty and Special Agent Pickel, procured his statement, including a significantly increased amount of drugs which manifestly affected Teal's sentencing guideline range and possibly the underlying charge, under false pretenses and with no intent to fulfill their promise to Teal. This is evidenced by the forfeiture that was filed in the Circuit Court of Henry County, Missouri, which revealed to the public at large that Daniel

Teal had been arrested and his property was being forfeited by law enforcement.

## SENTENCING RECOMMENDATION

According to the presentence investigation report, defendant's guideline range is 151-188 months for Count I, plus 60 months consecutive for Count II. In sum, defendant's guideline range for all counts is 211 - 248 (17.5 years to 20.7 years).

Defendant is requesting that this Court grant a variance from the sentencing guidelines based upon his cooperation and any other relevant factors, and sentence defendant to the statutory minimum of 10 years on Count I, and 5 years consecutive on Count II.

WHEREFORE, Defendant, Daniel Teal, requests the Court grant his request for a variance from the sentencing guidelines, and for any such further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF DANIEL S. HOBART,

/s/ *Daniel S. Hobart*
Daniel S. Hobart, Mo. # 51043
7 E. Gregory Blvd.
Kansas City, MO 64114
816.875.5721 tel.
816.278.9100 fax
dan@hobartlaw.com

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby certified that one copy of the foregoing Motion was electronically sent to Bruce Rhoades, Assistant United States Attorney, Western District of Missouri, counsel for Plaintiff, 400 E. 9th St., 5th Floor, Kansas City, Missouri 64106, this 6th day of August, 2008.

/s/ DANIEL S. HOBART