IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-00275-01-CR-W-NKL |
| DANIEL WILLIAM TEAL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by John F. Wood, United States Attorney, and Bruce Rhoades, Assistant United States Attorney, both for the Western District of Missouri, and files its response to defendant's sentencing memorandum.

### PROCEDURAL HISTORY

On August 7, 2007, Defendant was indicted by the grand jury on the charge of conspiracy to distribute methamphetamine, a class 'A' felony carrying a minimum statutory sentence of 120 months and the charge of using or carrying two firearms (a .380 caliber semi-automatic handgun and a .45 caliber semi-automatic handgun) during that drug trafficking conspiracy. That charge carries a statutory mandatory 60 month consecutive sentence to the drug trafficking conspiracy.

On March 13, 2008, the defendant entered a plea of guilty to the indictment before United States Magistrate Judge Robert E. Larsen. The court filed a Report and Recommendation to

accept Defendant's Guilty Plea on March 25, 2008[1]. On April 1, 2008 this Court accepted that Report and Recommendation, thereby accepting the defendant's guilty plea to the indictment. No objections or appeals of either the Report and Recommendation or the Court's acceptance of it were filed. On June 24, 2008 this case was set for sentencing on July 30, 2008. On July 14, 2008 the sentencing was re-set to August 7, 2008. On August 6, 2008, the defendant filed his Sentencing Memorandum and exhibit list for the sentencing hearing set the next day. Also on August 6, 2008, the Court re-set the sentencing hearing to October 8, 2008 and directed the Government to file its response to the Defendant's Sentencing Memorandum no later than September 12, 2008.

## ARGUMENT

Without evidence, case law or statutory scheme to support either his request or allegations, the defendant is requesting a two or three level[2] variance based on allegations of bad faith by the Government. Although the defendant is not requesting this Court to compel a statutory departure, the defendant is using a similar argument, Government bad faith, to argue for a variance[3]. Even though substantial assistance must only be considered under §5K1.1 and

---

[1] The Government incorporates herein, as if set out word for word, the findings of fact from Magistrate Larsen's Report and Recommendation.

[2] The pre-sentence investigation report calls for a guideline sentence of 151 to 188 months *plus* a 60 month statutorily mandated consecutive sentence. With Teal's category IV criminal history score, that would be 211 months to 248 months, a level 34, whereas the defense request for the statutory minimum sentence of 180 months could be a level 32, 168 to 210 months or a level 31, 151 to 188 months.

[3] In the case at hand, only upon proof of unconstitutional motives may the Court compel a departure. *Wade v. United States*, 504 U.S. 181 (1992).

2

cannot be used as grounds for departure under §5K2.0[4], the Government feels compelled to address its argument toward the unsuitability of a substantial assistance determination in this case.

The defendant also cites the provisions of Title 18, United States Code §3553 as apparent support for his position, yet he fails to address how his allegation of bad faith could possibly support a finding, pursuant to any of the provisions of §3553, that he is entitled to *any* consideration under that section, much less provide any basis whatsoever for an actual variance pursuant to §3553 factors.

The defendant sets out a few self serving facts[5], without attribution or proof, in an attempt to support his variance request. A much more accurate set of facts is found in Magistrate Larsen's Report and Recommendation filed on March 25, 2008 and the defendant's recorded statement previously provided to the Court by the parties. In addition to those facts the Government submits the following facts that will be adduced at the sentencing hearing:

1. No promises of leniency were made to the defendant.

2. While the defendant may have had hopes of later prosecution or sentencing concessions in exchange for discussing his drug trafficking operation, the defendant was neither promised leniency, nor did he provide cooperation beyond discussing his own drug trafficking operation.

3. The defendant's phone was in police custody following the defendant's arrest when it rang and was answered by law enforcement acting in an undercover capacity and a drug transaction was arranged. This was done without the

---

[4]*United States v. Fountain,* 223 F.3d 927, 928 (8th Cir.2000).

[5]The defendant fails to point out that his admissions allegedly leading to a "significant" drug level increase, are mostly ignored by the probation department as even a casual listening to the defendant's statement would result in a drug level far in excess of the mere 100 ounces the pre-sentence report holds him responsible for.

3

defendant's consent and in fact the defendant complained to officers about that lack of consent.

4. Teal indicated a desire to act as a confidential informant for law enforcement. It was agreed that Teal would be released to obtain the two firearms he admitted using in furtherance of his drug trafficking[6] and the rest of his drug proceeds and to gauge his usefulness to law enforcement as an informant.

5. Following Teal's release in late February, 2008, he only maintained contact with law enforcement for a few weeks and in the last few of his contacts with law enforcement Teal informed them that he would not be able to assist them and wanted to know when the warrant on his drug charges would come down.

6. On June 12, 2007 the defendant was in the Benton County, MO jail stemming from his arrest on an unknown state court charge. The warrant was later deemed invalid and Teal was released. Prior to his release, he was interviewed at the jail by Officer Hilty. Teal was not cooperating with law enforcement at this time. Hilty wanted to interview Teal concerning information Hilty had received that Teal was still involved in drug sales. At that time, Teal stated that while he was using, he was not selling because no one trusted him and he had no money to purchase sale quantity drugs.

Contrary to the defendant's assertions, the Government is unaware of *any* defendant in the Western District of Missouri receiving consideration, much less an actual motion, for a substantial assistance departure of any amount pursuant to either United States Sentencing Guidelines §5K1 or Title 18 United States Code §3553(e) where that defendant has a significant prior criminal record, that prior record includes crimes of violence, that defendant has failed to act as a confidential informant, did not testify, failed to produce any additional indictable cases, did not provide sufficient information to indict additional defendants, failed to produce proof of additional drug amounts on co-defendant's, did not lead law enforcement to significant drug or property seizures, failed to maintain law enforcement contact, was suspected of continued

---

[6] Even if Teal was lead to believe he would not be prosecuted for the guns if he turned them over, he plead to that charge, making that point moot.

dealing and was found in possession of two additional firearms and drugs at his subsequent arrest following his indictment.

There is a plethora of case law dealing with substantial assistance. One overarching theme is that it should be judged not by a defendant's alleged willingness to cooperate but instead by the assistance actually provided. *See United States v. Stewart,* 509 F.3d 450 (8th Cir. 2007); *United States v. Peterson,* 507 F.3d 1115 (8th Cir. 2007). Even the defendant admits he did no more than admit to law enforcement his own actions[7].

The defendant *has* received credit for his admissions: he received three levels off his sentence for acceptance of responsibility. The defendant's sentencing memorandum amounts to nothing more than an effort to get double credit for accepting responsibility. Post arrest admissions of one's own criminal acts should not be sufficient for sentencing concessions beyond the acceptance of responsibility credit. The fact that those admissions may have resulted in a higher sentence should not be a factor in the consideration of this defendant's sentence where the evidence against the defendant was overwhelming *prior* to the admissions of the defendant[8]. However, that is not to say that those admissions should be ignored as they provide the Court a truer picture of the defendant's criminal activity, which dovetails nicely with the mandates of §3553. The progeny of cases finding the United States Sentencing Guidelines

---

[7]"On February 22, 2007, Daniel Teal agrred to meet with law enforcement officers and give a statement about his involvement in the criminal activities alleged". Defendant's Sentencing Memorandum, page 2, the first full paragraph

[8]One example; the defendant did not volunteer the existence of the firearms. Law enforcement convinced him they knew about the guns and knew he had carried them and were keen on their retrieval before the defendant ever admitted their existence or their location or agreed to relinquish them.

advisory in nature only require two things of the Court: (1) apply the factors in §3553 to the guideline range, and; (2) impose a reasonable sentence.

## CONCLUSION

Wherefore, for the foregoing reasons, the defendant's sentencing memorandum request for a variance should be denied and the Court should find the guideline range of 211 months to 248 months, as set out in the pre-sentence investigation report, to be a reasonable sentencing range, pursuant to Title 18 United States Code §3553.

Respectfully submitted,

John F. Wood
United States Attorney

By  /s/ Bruce Rhoades

Bruce Rhoades #88156 (AR)
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
(816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 12th day of September, 2008, by electronic notice or by U.S. Mail, postage prepaid, to the defendant's attorney of record:

Dan Hobart
520 W. 103rd St., Suite 316
Kansas City, Missouri 64114

/s/ Bruce Rhoades

Bruce Rhoades
Assistant United States Attorney